# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| ANDRE BRUNDAGE,<br><br>    Plaintiff,<br><br>v.<br><br>SCOTT & ASSOCIATES, P.C.,<br><br>    Defendants. | 1:19-cv-00434-MJT |

## JOINT RULE 26(f) REPORT

Pursuant to Fed. R. Civ. P. 26(f) and this Court's Order Setting Civil Action for Rule 16 Management Conference (Dkt. 7), the Parties submit the following Joint Rule 26(f) Report.

**1.   A brief factual and legal synopsis of case:**

**Plaintiff's Position:** Plaintiff brings Count I of his Complaint for alleged violations of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C § 1692 *et seq.* related to Defendant's collection activity.  Primarily Plaintiff alleges that Defendant made false and material misrepresentations to him during its debt collection activity.  Count II of Plaintiff's Complaint alleges that the above described conduct by Defendant was in violation of the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392.302 *et seq*.

**Defendant's Position:**

Defendant denies that it violated any provisions of the FDCPA or the TDCA. The call recordings in this case prove that none of Defendant's employees ever made any representation to Plaintiff that Plaintiff would not have to attend any hearings before any courts. Rather, Defendant's employees repeatedly state that they could not advise Plaintiff as to whether she should or would have to attend any court hearings and told Plaintiff that she should contact the

court. Defendant denies that Plaintiff has suffered any harm or damages as a result of any conduct by Defendant.

**2.      The jurisdictional basis for this suit:**

Federal question jurisdiction is based on the FDCPA pursuant to 28 U.S.C. §§1331 and 1337.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

**3.      A list of correct names of the parties to this action:**

For Plaintiff: Andre Brundage.

For Defendant: Scott & Associates, P.C.

**4.      A list of related cases:**

None.

**5.      Mandatory disclosures under Rule 26(a)(1):**

The parties will make their 26(a)(1) disclosures on or before December 26, 2019.

**6.      Proposed scheduling order deadlines:**

a. Motion to transfer: January 16, 2020.

b. Add parties:  February 20, 2020.

c. Mediation must occur by:  The parties prefer to handle resolution on their own and will request formal mediation if needed..

d. Plaintiff's Rule 26(a)(2) disclosures:  March 26, 2020.

e. Plaintiff amend pleadings:  April 9, 2020.

f. Defendant's Rule 26(a)(2) disclosures:  April 30, 2019.

g. Defendant's amend pleadings:  April 23, 2020.

h. Object to expert witnesses:  May 14, 2020.

i. Dispositive motions:  June 25, 2020.

    j.  Discovery completion:  July 23, 2020.

    k.  Notice of intent to certify records:  July 30, 2020.

    l.  Video deposition designation:  July 30, 2020.

    m.  Motion in limine:  September 10, 2020.

    n.  Responses to motion in limine:  September 17, 2020.

**7.    Discovery issues:**

    a.  The parties anticipate both written and oral discovery.  Primarily Plaintiff will seek discovery in the form of Defendant's account notes, recordings, call logs, policies, and procedures. Defendant will seek discovery regarding Plaintiff's knowledge of the facts and allegations and damages.

    b.  The parties do not anticipate any discovery disputes regarding electronically stored information.  Unless native format is requested by a party, .pdf will be the default format for document production.

    c.  The Parties will ask the Court to enter a mutually agreed protective order should the need arise.

    d.  The Parties do not propose any deviation to the limitations on discovery.

    e.  None.

**8.    Settlement:**

Plaintiff has tendered a settlement demand to Defendant and the parties are discussing resolution.

**9.    Depositions:**

Plaintiff anticipates taking the Rule 30(b)(6) deposition of Defendant's corporate representative as well as the deposition of any individual collectors who spoke with Plaintiff.

Defendant anticipates taking the deposition of Plaintiff.

**10.  Trial:**

Plaintiff has requested a trial by jury and does not anticipate any trial taking greater than two days.

**11.  Attorneys:**

Nathan C. Volheim will appear on behalf of Plaintiff at the management conference.

Jacob Bach will appear on behalf of Defendant at the management conference.

**12.  Magistrate Judge:**

At this time the parties do not jointly consent to proceed before the Magistrate Judge.

**13.  Other matters:**

None at this time.

Dated: December 17, 2019

| | |
|---|---|
| s/ Nathan Volheim<br>Nathan C. Volheim, #6302103<br>Sulaiman Law Group, Ltd.<br>2500 South Highland Ave., Suite 200<br>Lombard, Illinois 60148<br>Phone: (630) 568-3056<br>Facsimile: (630) 575-8188<br>Email: nvolheim@sulaimanlaw.com<br>*Attorney for Plaintiff* | **MALONE FROST MARTIN PLLC**<br>*/s/* Robbie Malone<br>ROBBIE MALONE<br>Texas State Bar No. 12876450<br>Email: rmalone@mamlaw.com<br>EUGENE XERXES MARTIN, IV<br>Texas State Bar No. 24078928<br>Email: xmartin@mamlaw.com<br>JACOB MICHAEL BACH<br>Texas State Bar No. 24100919<br>Email: jbach@mamlaw.com<br>**MALONE FROST MARTIN PLLC**<br>Northpark Central, Suite 1850<br>8750 North Central Expressway<br>Dallas, Texas 75231<br>TEL: (214) 346-2630<br>FAX: (214) 346-2631<br><br>***COUNSEL FOR DEFENDANT*** |